UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>PATRICK R. DONAHOE,<br><br>  Defendant. | Case No. 13-cv-02384-JST<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**<br><br>Re: ECF No. 11 |

This action for employment discrimination was reassigned to this Court on June 28, 2013. ECF No. 8. Prior to reassignment, Magistrate Judge Laporte granted Plaintiff Rodriguez's motion to proceed in forma pauperis and issued a report and recommendation to dismiss this action with leave to amend on the ground that Rodriguez's claim appears to be time-barred. ECF Nos. 6, 7. After the parties failed to file objections to the report and recommendation, the Court adopted it in every respect and set the deadline for filing an amended complaint for August 26, 2013. In that order, the Court noted that it would dismiss the complaint with prejudice if Rodriguez failed to file an amended complaint addressing the statute of limitations issue by August 26, 2013.

As of the date of this order, Rodriguez has not filed an amended complaint. Accordingly, for the reasons set forth below, the action is DISMISSED WITH PREJUDICE for failure to prosecute.

**II.   LEGAL STANDARD**

"A district court may sua sponte dismiss an action for failure to prosecute." McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). A district court "is required to weigh several factors in determining whether to dismiss a case for lack of prosecution. These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. There must also be a showing of unreasonable delay. The district court is not required to make explicit findings on the essential factors." Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996) (internal citations and quotation marks omitted). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation marks omitted).

### III. DISCUSSION

The Court concludes that four of the five factors discussed above strongly support the dismissal of this action for failure to prosecute.

#### A. Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

The first two factors, namely the public's interest in expeditious resolution of litigation and the court's need to manage its docket, relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980).

Here, Rodriguez's delay in filing an amended complaint has completely stalled this action, thereby depriving the Court of the ability to control the pace of its docket. Rodriguez has provided no justification for this delay. Accordingly, these factors weigh strongly in favor of dismissal.

#### B. Prejudice to Defendants

The third factor, the risk of prejudice to the defendant, relates to "the plaintiff's reason for defaulting in failing to timely amend." Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999). "[A]presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez v. City of El Monte, 138 F.3d 393, 400 (9th Cir. 1998). A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281.

Here, as discussed above, Rodriguez provides no excuse for his delay in filing an amended

2

1  complaint. Accordingly, this factor also weighs in favor of dismissal.

### C. Public Policy Favoring Disposition of Cases on their Merits

The fourth factor concerns the public policy favoring disposition of cases on their merits, which "strongly counsels against dismissal." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Nevertheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." Id. at 1228. For this reason, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations and internal quotation marks omitted).

Here, Rodriguez's delay in filing an amended complaint has prevented the case from moving toward disposition on the merits. Thus, this factor is neutral at best.

### D. Less Drastic Sanctions

Finally, the fifth factor pertains to the availability of less drastic sanctions. "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." Id.

Here, the Court warned Rodriguez of the possibility of dismissal. This warning is sufficient to establish that the Court has considered sanctions short of dismissal. See In re Phenylpropanolamine, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted). Accordingly, the Court concludes that the dismissal of this action with prejudice is appropriate at this point.

/ / /

/ / /

/ / /

/ / /

3

**IV.   CONCLUSION**

This action is dismissed with prejudice for failure to prosecute. The Clerk shall terminate the case.

**IT IS SO ORDERED.**

Dated:  August 28, 2013

_____
JON S. TIGAR
United States District Judge